## DEFECTS WAIVED WHERE GOODS ARE RETAINED AFTER INSPECTION.

Circuit Court of Cuyahoga County.

THE BIGALOW FRUIT COMPANY v. FREDERICK B. HUXLEY.

Decided, November 11, 1912.

*Trial—When Error Rendered Harmless by Verdict—Sales—Retention of Goods Waives Defects.*

1. Where, in an action for the purchase price of fruit sold under a contract providing different prices for first and second grades, it was alleged that all fruit shipped was first grade, the court erroneously excluded evidence of a custom of the trade that where first and second grades of fruit are mixed, all are to be considered second grade, such error is rendered harmless by a verdict of the jury for the full amount claimed by plaintiff, as this amounts to a finding that all fruit supplied was of the first grade.
2. Where goods delivered under a contract of sale are retained and used after inspection or after a reasonable opportunity for inspection, any defect in them is thereby waived.

*C. C. Wise,* for plaintiff in error.
*H. A. Couse,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

Frederick B. Huxley, the defendant in error, was plaintiff, and the Bigalow Fruit Company, the plaintiff in error, was defendant in the court below. The action was begun to recover the balance claimed to be due the plaintiff on account of a quantity of pears and apples sold the defendant. The plaintiff below recovered the full amount sued for and this proceeding in error is prosecuted to reverse the judgment rendered against the plaintiff in error, as defendant below.

The controversy relates to the pears sold the plaintiff in error, and not to the apples involved in the sale.

The agreement between the parties provided for a certain price for No. 1 pears and one-half that price for No. 2's.

The plaintiff claimed that all the pears shipped to the defendant were No. 1's and the recovery sought was based upon this claim, while the defendant contended that the pears shipped to it were partly No. 1's and partly No. 2's with some culls mixed in, and that according to an established trade custom known to both parties, when pears are so mixed together they are all classed as No. 2's.

The court instructed the jury to disregard the evidence offered by the defendant to prove the custom referred to because, quoting the language of the charge, "it is in contravention of the contract itself, and no such custom has been shown as would bind the plaintiff to any such appropriation of his goods as that."

We do not share the view of the trial court on this subject. The contract between the parties contemplated that the plaintiff might deliver either No. 1 or No. 2 pears, or some of each kind, and provided a certain price for No. 1 pears and one-half that price for No. 2 pears. Proof of the custom, therefore, would not contravene the contract but would furnish a means of ascertaining whether the pears were all to be classed as No. 2's. It would simply, in other words, have a bearing on determining the quantity of No. 2 pears, if any, in the shipment.

This portion of the charge being, in our opinion, erroneous, it remains for us to decide in this connection whether in view of other parts of the charge given on the issues involved, and the verdict returned, the defendant below was prejudiced by the mistake.

One of the issues presented to the jury was whether or not the defendant, either by itself or its agent, had accepted the pears after inspection, or opportunity of inspection. There was evidence before the jury which made it proper and necessary to submit this question to the jury. The verdict was for the full amount sued for and indicates that the jury must necessarily have found either that the pears were all No. 1's, or that the defendant had accepted them as such after inspection or opportunity of inspection.

We are impelled to this conclusion because the court charged the jury in substance that if they found that part of the pears delivered were No. 2's, the plaintiff was entitled to one-half the price of No. 1's for such pears. The amount of the verdict shows that the jury made no allowance for any pears of the quality of No. 2. It is to be presumed that the jury followed the instructions given them. The inference is clear that the result would have been no different even if the court had not mistakenly taken from the jury's consideration the evidence tending to establish the custom contended for by the defendant. We therefore reach the conclusion that the error committed by the court on this subject was not prejudicial.

. Complaint is made that the court charged the jury in effect that if the defendant accepted the pears and used them after inspection or a reasonable opportunity to inspect, without offering to. return the same, it would be deemed in law to have accepted them and to have waived any defect.

We think this instruction was justified by the evidence and that it is sustained by the authority of *The Bowman Lumber Co.* v. *Anderson et al,* 70 O. S., 16, the syllabus of which reads as follows:

"By an executory contract for the sale and delivery of chattels of a described grade or quality, the seller becomes bound to deliver goods of the character described, but in the absence of ex-

press terms of warranty, no obligation is imposed upon him which survives the acceptance by the purchaser of an article delivered by the seller in good faith as in the performance of the contract, if the acceptance is with full knowledge of all conditions affecting the character and quality of the article.''

Other parts of the charge are complained of, but in our opinion, when the charge is taken as a whole, and the verdict returned is considered, it does not appear that the plaintiff in error was prejudiced by the parts of the charge referred to.

It is contended on behalf of the plaintiff in error that the evidence established an express warranty that the pears shipped were all No. 1's, and that the verdict is against the weight of the evidence.   The court charged the jury as to what constitutes a warranty, and submitted the question whether or not a warranty existed.   We are unable to say that the verdict, whether it be presumed to have been founded on the determination of this issue or on any or all of the other issues involved is so manifestly against the weight of the evidence as to justify a reversal on this ground.

We find no error in the ruling on evidence complained of, and no error prejudicial to the plaintiff in error in any of the matters covered by the argument and brief of its counsel.

Judgment affirmed.